IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2006 JUN -7 AM II: 30

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
                    DEPUTY

| | |
|---|---|
| STATE OF TEXAS, | § |
| | § |
| Plaintiff | § |
| | § |
| vs. | § |
| | § |
| RYAN SAMUEL PITYLAK, individually and | § |
| d/b/a LEADPLEX, INC., LEADPLEX, LLC | § |
| and PAYPERACTION, LLC; | § |
| | § |
| MARK TROTTER, individually and | § |
| d/b/a LEADPLEX, INC., LEADPLEX, LLC | § |
| and PAYPERACTION, LLC; | § |
| | § |
| LEADPLEX, INC.; | § |
| | § |
| LEADPLEX, LLC; | § |
| | § |
| PAYPERACTION, LLC and d/b/a | § |
| 227 Assumed Names listed in | § |
| Paragraph 8 of the amended petition; | § |
| | § |
| EASTMARK TECHNOLOGY LIMITED | § |
| d/b/a LEADPLEX, INC., LEADPLEX, LLC | § |
| and PAYPERACTION, LLC; | § |
| | § |
| GARY N. TRAPPLER, individually and | § |
| d/b/a EASTMARK TECHNOLOGY | § |
| LIMITED d/b/a LEADPLEX, INC., | § |
| LEADPLEX, LLC., AND PAYPERACTION, | § |
| LLC; and | § |
| | § |
| ALAN LEE REFAELI, individually | § |
| | § |
| Defendants | § |

Civil Action No. A-05-CA-017-SS

## FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND MONETARY RELIEF

On January 13, 2005, Plaintiff, State of Texas, filed its complaint against Defendants RYAN S. PITYLAK; MARK TROTTER; LEADPLEX, INC.; LEADPLEX, LLC; PAYPERACTION, LLC; AND EASTMARK TECHNOLOGY LIMITED pursuant to the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003, 15 U.S.C. § 7701 *et seq.* ("Can Spam Act"), the Texas Electronic Mail Solicitation Act, TEX. BUS. & COM. CODE § 46.001 *et seq.* (Vernon Supp. 2004-2005), and the Deceptive Trade Practices - Consumer Protection Act, Tex. Bus. & Com. Code § 17.41 *et seq.* (Vernon 2002 & Supp.2004-2005) ("DTPA"). On November 21, 2005, Plaintiff amended its complaint to add Defendants REFAELI and TRAPPLER.

Defendants Leadplex, Inc., Leadplex, LLC, Payperaction, LLC, and Eastmark Technology Limited, were properly served with a copy of the complaint and summons.

On May 23, 2006, pursuant to FED. R. CIV. P. 55(a), the Court entered a default against Defendants LeadPlex, Inc; Leadplex, LLC; Payperaction, LLC; and Eastmark Technology Limited.

Plaintiff State of Texas has moved for entry of a default judgment on all counts of the Complaint against Defendants LeadPlex, Inc; Leadplex, LLC; Payperaction, LLC; and Eastmark Technology Limited pursuant to FED R. CIV. P. 55(b)(2). The Plaintiff State of Texas' Motion for Entry of Default Judgment Against Defendants LeadPlex, Inc, Leadplex, LLC, Payperaction, LLC, and Eastmark Technology Limited is hereby granted.

Plaintiff State of Texas has further moved for entry of judgment against Defendants Pitylak, Trotter, and Refaeli based on such Defendants stipulated agreements. The Plaintiff State of Texas' Motion for Judgment Against Defendants Pitylak, Trotter, and Refaeli is hereby granted.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** as follows:

# I.
# FINDINGS

1.      This Court has jurisdiction over the subject matter of this case and there is good cause to believe that it will have jurisdiction over all parties hereto.

2.      Venue and service of process are proper.

3.      Defendants have engaged in activities in or affecting commerce, as "commerce" is defined at 15 U.S.C. § 44.

4.      This action was initiated by Plaintiff State of Texas under the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003, 15 U.S.C. § 7701 *et seq.* ("CAN SPAM Act"); the Texas Electronic Mail Solicitation Act, TEX. BUS. & COM. CODE § 46.001 *et seq.* (Vernon Supp. 2004-2005); and the Deceptive Trade Practices - Consumer Protection Act, TEX. BUS. & COM. CODE § 17.41 *et seq.* (Vernon 2002 & Supp.2004-2005) ("DTPA").  Plaintiff State of Texas seeks permanent injunctive relief and monetary relief for deceptive acts or practices in connection with sending unsolicited electronic mail (e-mail) messages containing false, misleading, or deceptive information in the subject line or subject heading as well as in the body of the messages.  Pursuant to 15 U.S.C. § 7706(a),  TEX. BUS. & COM. CODE § 46.006, and TEX. BUS. & COM. CODE 17.47, the Plaintiff State of Texas has the authority to seek the relief it has requested.

5.      Defendants were served with the Complaint and Summons as required by Fed. R. Civ. P. 4(f) and 4(h).

6.      Defendants Leadplex, Inc., Leadplex, LLC, and Payperaction, LLC., were served with process on January 14, 2005, by serving their attorney, Lin Hughes.  Ms. Hughes was authorized by the Defendants to accept service of process and did accept such service.

7.    On August 23, 2005, in compliance with the Hague Convention, Defendant Eastmark Technology Limited ("Eastmark") was served with a summons and a copy of Plaintiff's complaint by Registered Mail, Advice of Receipt Requested, to Eastmark Technology Limited, Room B, 19th Floor, Tung Hip Commercial Building, 244-252 Des Voeux Road Central, Hong Kong.  Defendant Eastmark Technology Limited was subsequently served with a summons and a copy of Plaintiff's complaint in person on August 26, 2005.

8.    Defendants Leadplex, Inc., Leadplex, LLC, Payperaction, LLC., and Eastmark have failed to file an answer to the Complaint within the time set forth in Fed. R.  Civ. P. 12(a), or to otherwise defend this action.

9.    Default was entered against Defendants Leadplex, Inc., Leadplex, LLC, Payperaction, LLC., and Eastmark Technologies on May 23, 2006.  The Plaintiff State of Texas is therefore entitled to a default judgment pursuant to FED R. CIV. P. 55(b).

10.    **THE COURT NOW FINDS** that, in connection with sending numerous unsolicited and misleading electronic mail messages,  Defendants LeadPlex, Inc, Leadplex, LLC, Payperaction, LLC, and Eastmark Technology Limited have violated 15 U.S.C. § 7701 *et seq.* (the CAN-SPAM Act), the Texas Electronic Mail Solicitation Act,  TEX. BUS. & COM. CODE § 46.001 *et seq.* (Vernon Supp. 2004-2005), and the Deceptive Trade Practices - Consumer Protection Act, Tex. Bus. & Com. Code § 17.41 *et seq.* (Vernon 2002 & Supp.2004-2005) ("DTPA") in that they:

    (a)    Sent unsolicited commercial electronic mail (e-mail) to consumers in Texas and throughout the United States, utilizing misleading subject lines;

    (b)    Sent unsolicited e-mails that included numerous misrepresentations in the body of the e-mails;

4

(c)     Sent unsolicited e-mails that failed to clearly and conspicuously disclose that they were advertisements;

(d)     Owned and operated a number of Internet domains associated with websites that promote numerous types of services, including mortgage services, debt counseling services and warranty services;

(e)     Made false, deceptive, or misleading representations on their websites, in violation of the DTPA; and

(f)     Misrepresented, indirectly, that they were licensed mortgage brokers or mortgage bankers, in violation of the DTPA.

11.     It is proper in this case to issue a **permanent injunction** prohibiting Defendants LeadPlex, Inc., Leadplex, LLC, Payperaction, LLC, and Eastmark Technology Limited from making, or assisting in making, false or misleading statements or representations with the advertising, marketing, offering for sale, or sale of any good or service, or from further violations of CAN-SPAM.

12.     It is further proper in this case to enter a monetary judgment against Defendants LeadPlex, Inc., Leadplex, LLC, Payperaction, LLC, and Eastmark Technology Limited for civil penalties pursuant to the Texas Electronic Mail Solicitation Act, the CAN-SPAM Act, and the DTPA. Pursuant to the Texas Electronic Mail Solicitation Act, the Court may award penalties up to the lesser of $10.00 for each unlawful message, or $25,000.00 for each day that unlawful message were sent or received. Having sent at least 2,500 unlawful messages per day, the lesser amount would be $25,000.00 for each day that such Defendants engaged in unlawful conduct for a total of 300 days. The Court finds that the total amount for civil penalties for these violations is

5

$7,500,000.00 (SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS AND NO CENTS).

13.     Plaintiff and Defendants Pitylak, Trotter and Refaeli have compromised and settled the State's claim for civil penalties and damages, investigative costs and attorneys fees, and injunctive relief. The parties respective settlements are reflected in the stipulated judgments attached to Plaintiff's Motion for Entry of Final Judgment ("Stipulated Judgments").

14.     The Office of the Attorney General and Defendants Pitylak, Trotter, and Refaeli agree to and do not contest the entry of this Judgment against such Defendants without the need for trial or adjudication of any issue of law or fact.  Consent of the parties to this Judgment is neither an admission of liability by such Defendants nor a concession by the Office of the Attorney General that its claims are not well founded.  The Office of the Attorney General and Defendant Pitylak, Trotter, and Refaeli have enter into the Stipulated Judgments freely and without coercion.

15.     Defendants Pitylak, Trotter, and Refaeli have read their respective Stipulated Judgment, and agree to a Final Judgment consistent with the same.

16.     Defendants Pitylak, Trotter, and Refaeli waive any right that they may have to appeal from this Order.

17.     Defendants Pitylak, Trotter, and Refaeli agree that they will not oppose entry of this Order on the grounds that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objections.

18.     This Order in no way affects any individual's right of action under the CAN-SPAM Act, the DTPA, or any other law.

19.     Entry of this Order is in the public interest.

## II.
## DEFINITIONS

20. **"Internet Service Provider"** or **"ISP"** means any person who is an intermediary in sending or receiving electronic mail and who provides an end user of an electronic mail service the ability to send or receive electronic mail;

21. **"Personally Identifiable Information"** means information that alone or in conjunction with other information identifies an individual and includes without limitation an individual's: (i) name; (ii) social security number; (iii) date of birth; (iv) government-issued identification number; (v) parent's names before marriage; (vi) unique biometric data, including the individual's fingerprint, voice print, and retina or iris image; (vii) unique electronic identification number, address, and routing code; or (viii) telecommunication identifying information or access device.

22. **"Qualified Lender"** means a person who is licensed in the State of Texas or otherwise authorized by Texas law to conduct the business of originating mortgage loans.

## III.
## INJUNCTION

### Injunction Against Defendants Leadplex, LLC., Leadplex, Inc., Payperaction LLC, and Eastmark

23. **IT IS ORDERED** that Defendants Leadplex, LLC., Leadplex, Inc., Payperaction LLC, and Eastmark and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this **ORDER** by personal service or otherwise, are hereby restrained and enjoined from violating the CAN-SPAM Act, including :

7

(a)     Creating, registering, or maintaining any email account, IP address, website or internet domain by providing false or misleading information to any provider of such services or to any domain-name or IP address registering authority;

(b)     Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any commercial e-mail, or commercial electronic communication, bearing false, fraudulent, anonymous, inactive, deceptive, incomplete, or invalid header information, including without limitation the names of fictitious persons in the "from" or "reply to" lines of the header;

(c)     Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any commercial e-mail or other commercial electronic communication of any kind, to or through an ISP in Texas in a manner designed to evade such ISP's anti-spam filtering and blocking processes or to obscure Defendants' connections to the transmission or to the products or services advertised or promoted therein;

(d)     Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any commercial e-mail, or commercial electronic communication without providing within the body of the message a legal (not fictional) name of true sender of the e-mail or communication, meaning the legal name of a natural person or the name of the incorporated legal entity who paid for the transmission of the message and whose services or products are promoted within the body of the message, together with such person or

entity's legal residence or designated address for accepting service of process;

(e)     Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any commercial e-mail, or commercial electronic communication, without providing within the body of the message a "valid physical postal address," meaning either (a) the geographic street address where the sender conducts its actual business operations (e.g., principal place of business); or (b) as to a corporation, the corporation's designated address for accepting service of process;

(f)     Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any e-mail, or electronic communication with false or misleading subject lines, including without limitation, subject lines which suggest a prior or pending business transaction where none has transpired in fact;

(g)     Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any electronic communication of any kind, to or through an ISP in Texas, in a manner that does not fully comply with all then-publicly available email policies published by such ISP;

(h)     Using, or directing, aiding, facilitating or conspiring with others to use any computers or computer networks in any manner, directly or indirectly, in connection with the transmission of any unlawful electronic communication across the Internet;

(i)     Representing, directly or indirectly, that Defendant has any license or

9

certification that Defendant does not have including without limitation a mortgage broker's license;

(j)    Representing that an individual's information that is provided to Defendant will be kept confidential if it will sold, distributed, or otherwise revealed to any third party;

(k)    Misrepresenting, directly or indirectly, the steps Defendant will take to safeguard information obtained from a consumer;

(l)    Soliciting or asking an individual to disclose the individual's social security number or other personally identifiable information, unless Defendant: (i) adopts a privacy policy; (ii) makes the privacy policy available to the individual prior to the solicitation of information; and (iii) maintains the confidentiality and security of the information obtained in compliance with the privacy policy;

(m)    Representing that information that is provided to Defendant will be forwarded to a qualified lender if Defendant does not forward such information directly to a qualified lender;

(n)    Representing, directly or indirectly, that a prior or pending business transaction exists where none has transpired in fact;

(o)    Representing, directly or indirectly, that Defendant is engaging in or conducting the business of originating mortgage loans, unless Defendant is a licensed mortgage broker or mortgage banker.

### Injunction Against Defendant Ryan S. Pitylak

24. **IT IS FURTHER ORDERED** that Defendant Ryan S. Pitylak, and his officers, agents, servants, employees, and attorneys, and any other persons or entities in active concert or participation with Defendant Pitylak, shall be permanently enjoined from directly or indirectly:

    (a)    Creating, registering, or maintaining any email account, IP address, website or internet domain by providing false or misleading information to any provider of such services or to any domain-name or IP address registering authority;

    (b)    Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any commercial e-mail, or commercial electronic communication, bearing false, fraudulent, anonymous, inactive, deceptive, incomplete, or invalid header information, including without limitation the names of fictitious persons in the "from" or "reply to" lines of the header;

    (c)    Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any commercial e-mail or other commercial electronic communication of any kind, to or through an ISP in Texas in a manner designed to evade such ISP's anti-spam filtering and blocking processes or to obscure Defendants' connections to the transmission or to the products or services advertised or promoted therein;

    (d)    Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any commercial e-mail, or commercial electronic communication without providing within the body of the message a legal (not

fictional) name of true sender of the e-mail or communication, meaning the legal name of a natural person or the name of the incorporated legal entity who paid for the transmission of the message and whose services or products are promoted within the body of the message, together with such person or entity's legal residence or designated address for accepting service of process;

(e)    Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any commercial e-mail, or commercial electronic communication,  without providing within the body of the message a "valid physical postal address," meaning either (a) the geographic street address where the sender conducts its actual business operations (e.g., principal place of business); or (b) as to a corporation, the corporation's designated address for accepting service of process;

(f)    Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any e-mail, or electronic communication with false or misleading subject lines, including without limitation, subject lines which suggest a prior or pending business transaction where none has transpired in fact;

(g)    Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any electronic communication of any kind, to or through an ISP in Texas, in a manner that does not fully comply with all then-publicly available email policies published by such ISP;

(h)    Using, or directing, aiding, facilitating or conspiring with others to use any

12

computers or computer networks in any manner, directly or indirectly, in connection with the transmission of any unlawful electronic communication across the Internet;

(i) Representing, directly or indirectly, that Defendant has any license or certification that Defendant does not have including without limitation a mortgage broker's license;

(j) Representing that an individual's information that is provided to Defendant will be kept confidential if it will be sold, distributed, or otherwise revealed to any third party;

(k) Misrepresenting, directly or indirectly, the steps Defendant will take to safeguard information obtained from a consumer;

(l) Soliciting or asking an individual to disclose the individual's social security number or other personally identifiable information, unless Defendant: (i) adopts a privacy policy; (ii) makes the privacy policy available to the individual prior to the solicitation of information; and (iii) maintains the confidentiality and security of the information obtained in compliance with the privacy policy;

(m) Representing that information that is provided to Defendant will be forwarded to a qualified lender if Defendant does not forward such information directly to a qualified lender;

(n) Representing, directly or indirectly, that a prior or pending business transaction exists where none has transpired in fact;

(o) Representing, directly or indirectly, that Defendant is engaging in or conducting the business of originating mortgage loans, unless Defendant is a licensed mortgage broker or mortgage banker.

25. The prohibited practices specified in paragraph 24 above shall not apply in a manner to bar actions that are otherwise lawful and that are taken by Defendant Pitylak in the normal course of employment for an employer in which Defendant Pitylak holds no controlling or economic interest. The prohibited practices specified above also shall not apply in a manner to bar Defendant Pitylak's use of any email account to transmit personal, non-bulk communications to recipients personally known to Defendant Pitylak.

26. **IT IS FURTHER ORDERED** that for a period of three (3) years from the Effective Date of this Judgment, Defendant Pitylak shall provide a quarterly report to the Texas Attorney General's Office identifying:

(a) Every fictitious or assumed business name Defendant has registered or under which Defendant has engaged in business during the quarter;

(b) Every entity that advertises over the Internet (by email, on the world wide web, or by other means) in which Defendant has, during the quarter, participated in as an owner, partner, investor, officer, member, managing member, or managing partner, other than a publicly traded company;

(c) Every entity that advertises over the Internet (by email, on the world wide web, or by other means) to which Defendant has provided consulting services during the quarter, if such entity accounts for at least 25% of the revenue Defendant derives from providing consulting services; or

14

(d)     Every entity that advertises over the Internet (by email, on the world wide web, or by other means) in which Defendant has (or had during the relevant quarter) an economic interest (other than a publicly traded company). For purposes of this Judgment, "economic interest" shall mean and include any direct or indirect ownership, equity, or security interest of 5% or greater, which interest is held by Defendant or is held by any corporation, partnership or other entity in which Defendant has an ownership or managerial interest.

27.     The first quarterly report required by the previous paragraph shall be provided to the Attorney General no later than April 5, 2006 and cover the period January 1, 2006 through March 31, 2006. Each subsequent quarterly report shall be due no later than five (5) days after the expiration of the then-current quarter (e.g. July 5th, Oct. 5th, Jan. 5th). The reports shall be in the form of a declaration made under penalty of perjury under the laws of the State of Texas, and shall identify the legal name, trade name(s), and address(es) of the business involved, and the Internet address of any website used or promoted by the business.

28.     The report required by the preceding paragraphs and all other written communications between the parties required under this Judgment shall be sent postage pre-paid via U.S. Postal Service First Class Certified Mail, return receipt requested, and addressed as noted below. Any written notice or other written communications so addressed and sent shall be deemed received by the other party only if the return receipt is signed and returned by return receipt by the United States Postal Service, or if the communication is returned by the United States Postal Service because it was refused by the recipient. Each party's mailing address may be changed by that party by mailing a notice of change of address in the manner provided herein:

To Plaintiff:
Texas Attorney General's Office
Consumer Protection and Public Health Division
c/o C. Brad Schuelke
P.O. Box 12548
Austin, Texas 78711
Ref. No. 041984261

To Defendant:
Lawrence, Arenella, Satija, LLP
c/o Wm. Paul Lawrence II
3600 Bee Caves Road, Ste 200
Austin, TX 78756

29. **IT IS FURTHER ORDERED** that Defendant Pitylak shall keep copies of all business records and email or electronic correspondence for a period of not less than one year from the date it is created, and shall keep paper records of business activities as such documents are kept in the ordinary course of business.

### Injunction Against Defendant Mark Trotter

30. **IT IS FURTHER ORDERED** that Defendant Mark Trotter, and his officers, agents, servants, employees, and attorneys, and any other persons or entities in active concert or participation with Defendant Trotter, shall be permanently enjoined from directly or indirectly:

    (a)    Creating, registering, or maintaining any email account, IP address, website or internet domain by providing false or misleading information to any provider of such services or to any domain-name or IP address registering authority;

    (b)    Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any commercial e-mail, or commercial electronic communication, bearing false, fraudulent, anonymous, inactive, deceptive,

16

incomplete, or invalid header information, including without limitation the names of fictitious persons in the "from" or "reply to" lines of the header;

(c)    Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any commercial e-mail or other commercial electronic communication of any kind, to or through an ISP in Texas in a manner designed to evade such ISP's anti-spam filtering and blocking processes or to obscure Defendants' connections to the transmission or to the products or services advertised or promoted therein;

(d)    Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any commercial e-mail, or commercial electronic communication without providing within the body of the message a legal (not fictional) name of true sender of the e-mail or communication, meaning the legal name of a natural person or the name of the incorporated legal entity who paid for the transmission of the message and whose services or products are promoted within the body of the message, together with such person or entity's legal residence or designated address for accepting service of process;

(e)    Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any commercial e-mail, or commercial electronic communication, without providing within the body of the message a "valid physical postal address," meaning either (a) the geographic street address where the sender conducts its actual business operations (e.g., principal place of business); or (b) as to a corporation, the corporation's designated address

for accepting service of process;

(f)     Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any e-mail, or electronic communication with false or misleading subject lines, including without limitation, subject lines which suggest a prior or pending business transaction where none has transpired in fact;

(g)     Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any electronic communication of any kind, to or through an ISP in Texas, in a manner that does not fully comply with all then-publicly available email policies published by such ISP;

(h)     Using, or directing, aiding, facilitating or conspiring with others to use any computers or computer networks in any manner, directly or indirectly, in connection with the transmission of any unlawful electronic communication across the Internet;

(i)     Representing, directly or indirectly, that Defendant has any license or certification that Defendant does not have including without limitation a mortgage broker's license;

(j)     Representing that an individual's information that is provided to Defendant will be kept confidential if it will be sold, distributed, or otherwise revealed to any third party;

(k)     Misrepresenting, directly or indirectly, the steps Defendant will take to safeguard information obtained from a consumer;

18

(l)    Soliciting or asking an individual to disclose the individual's social security number or other personally identifiable information, unless Defendant: (i) adopts a privacy policy; (ii) makes the privacy policy available to the individual prior to the solicitation of information; and (iii) maintains the confidentiality and security of the information obtained in compliance with the privacy policy;

(m)    Representing that information that is provided to Defendant will be forwarded to a qualified lender if Defendant does not forward such information directly to a qualified lender;

(n)    Representing, directly or indirectly, that a prior or pending business transaction exists where none has transpired in fact;

(o)    Representing, directly or indirectly, that Defendant is engaging in or conducting the business of originating mortgage loans, unless Defendant is a licensed mortgage broker or mortgage banker.

31.    The prohibited practices specified in paragraph 30 above shall not apply in a manner to bar actions that are otherwise lawful and that are taken by Defendant Trotter in the normal course of employment for an employer in which Defendant Trotter holds no controlling or economic interest. The prohibited practices specified above also shall not apply in a manner to bar Defendant Trotter's use of any email account to transmit personal, non-bulk communications to recipients personally known to Defendant Trotter.

32.    **IT IS FURTHER ORDERED** that for a period of three (3) years from the Effective Date of this Judgment, Defendant Trotter shall provide a quarterly report to the Texas Attorney

General's Office identifying:

(a) Every fictitious or assumed business name Defendant has registered or under which Defendant has engaged in business during the quarter;

(b) Every entity that advertises over the Internet (by email, on the world wide web, or by other means) in which Defendant has, during the quarter, participated in as an owner, partner, investor, officer, member, managing member, or managing partner, other than a publicly traded company;

(c) Every entity that advertises over the Internet (by email, on the world wide web, or by other means) to which Defendant has provided consulting services during the quarter, if such entity accounts for at least 25% of the revenue Defendant derives from providing consulting services; or

(d) Every entity that advertises over the Internet (by email, on the world wide web, or by other means) in which Defendant has (or had during the relevant quarter) an economic interest (other than a publicly traded company). For purposes of this Judgment, "economic interest" shall mean and include any direct or indirect ownership, equity, or security interest of 5% or greater, which interest is held by Defendant or is held by any corporation, partnership or other entity in which Defendant has an ownership or managerial interest.

33. The first quarterly report required by the previous paragraph shall be provided to the Attorney General no later than July 5, 2006 and cover the period April 1, 2006 through June 30, 2006. Each subsequent quarterly report shall be due no later than five (5) days after the expiration of the then-current quarter (e.g. Oct. 5th, Jan. 5th, Apr. 5th). The reports shall be in the form of a

declaration made under penalty of perjury under the laws of the State of Texas, and shall identify the legal name, trade name(s), and address(es) of the business involved, and the Internet address of any website used or promoted by the business.

34. The report required by preceding paragraphs and all other written communications between the parties required under this Judgment shall be sent postage pre-paid via U.S. Postal Service First Class Certified Mail, return receipt requested, and addressed as noted below. Any written notice or other written communications so addressed and sent shall be deemed received by the other party only if the return receipt is signed and returned by return receipt by the United States Postal Service, or if the communication is returned by the United States Postal Service because it was refused by the recipient. Each party's mailing address may be changed by that party by mailing a notice of change of address in the manner provided herein:

To Plaintiff:

Texas Attorney General's Office
Consumer Protection and Public Health Division
c/o C. Brad Schuelke
P.O. Box 12548
Austin, Texas 78711
Ref. No. 041984261

To Defendant:

Mark Trotter
1302 Ravean Ct.
Encinitas, CA 92024

35. **IT IS FURTHER ORDERED** that Defendant Trotter shall keep copies of all business records and email or electronic correspondence for a period of not less than one year from the date it is created, and shall keep paper records of business activities as such documents are kept

in the ordinary course of business.

### Injunction Against Defendant Alan L. Refaeli

36.    **IT IS FURTHER ORDERED** that Defendant Alan L. Refaeli, and his officers, agents, servants, and employees, and any other persons or entities in active concert or participation with Defendant Refaeli, shall be permanently enjoined from:

(a)    Creating, registering, or maintaining any email account, IP address, website or internet domain by providing false or misleading information to any provider of such services or to any domain-name or IP address registering authority;

(b)    Sending or transmitting, directing, directly and intentionally aiding or facilitating, or conspiring with others to send or transmit any commercial e-mail, or commercial electronic communication, bearing false, fraudulent, anonymous, inactive, deceptive, incomplete, or invalid header information, including without limitation the names of fictitious persons in the "from" or "reply to" lines of the header;

(c)    Sending or transmitting, directing, directly and intentionally aiding or facilitating, or conspiring with others to send or transmit any commercial e-mail or other commercial electronic communication of any kind, to or through an ISP in Texas in a manner designed to evade such ISP's anti-spam filtering and blocking processes or to obscure Defendants' connections to the transmission or to the products or services advertised or promoted therein;

(d)    Sending or transmitting any commercial e-mail, or commercial electronic

communication without providing within the body of the message a legal (not fictional) name of true sender of the e-mail or communication, meaning the legal name of a natural person or the name of the incorporated legal entity who paid for the transmission of the message and whose services or products are promoted within the body of the message, together with such person or entity's legal residence or designated address for accepting service of process;

(e) Directing, directly and intentionally aiding or facilitating, or conspiring with others to send or transmit any commercial e-mail, or commercial electronic communication without providing within the body of the message a legal (not fictional) name of true sender of the e-mail or communication;

(f) Sending or transmitting any commercial e-mail, or commercial electronic communication, without providing within the body of the message a "valid physical postal address," meaning either (a) the geographic street address where the sender conducts its actual business operations (e.g., principal place of business); or (b) as to a corporation, the corporation's designated address for accepting service of process;

(g) Directing, directly and intentionally aiding or facilitating, or conspiring with others to send or transmit any commercial e-mail, or commercial electronic communication, without providing within the body of the message a "valid physical postal address;"

(h) Sending or transmitting, directing, directly and intentionally aiding or facilitating, or conspiring with others to send or transmit any e-mail, or

electronic communication with false or misleading subject lines, including without limitation, subject lines which suggest a prior or pending business transaction where none has transpired in fact;

(i) Sending or transmitting, directing, directly and intentionally aiding or facilitating, or conspiring with others to send or transmit any electronic communication of any kind, to or through an ISP in Texas, in a manner that does not fully comply with all then-publicly available email policies published by such ISP;

(j) Using, directing, directly and intentionally aiding or facilitating, or conspiring with others to use any computers or computer networks in any manner, directly or indirectly, in connection with the transmission of any unlawful electronic communication across the Internet;

(k) Representing, directly or indirectly, that Defendant has any license or certification that Defendant does not have including without limitation a mortgage broker's license;

(l) Misrepresenting that an individual's information that is provided to Defendant will be kept confidential if it will be sold, distributed, or otherwise revealed to any third party;

(m) Misrepresenting, directly or indirectly, the steps Defendant will take to safeguard information obtained from a consumer;

(n) Soliciting or asking an individual to disclose the individual's social security number or other personally identifiable information, unless Defendant: (i)

adopts a privacy policy; (ii) makes the privacy policy available to the individual prior to the solicitation of information; and (iii) maintains the confidentiality and security of the information obtained in compliance with the privacy policy;

(o)    Representing that information that is provided to Defendant will be forwarded to a qualified lender if Defendant does not forward such information directly to a qualified lender;

(p)    Misrepresenting, directly or indirectly, that a prior or pending business transaction exists where none has transpired in fact;

(q)    Representing, directly or indirectly, that Defendant is engaging in or conducting the business of originating mortgage loans, unless Defendant is a licensed mortgage broker or mortgage banker.

37.    **IT IS FURTHER ORDERED** that for a period of three (3) years from the Effective Date of this Judgment, Defendant Refaeli shall provide a quarterly report to the Texas Attorney General's Office identifying:

(a)    Every fictitious or assumed business name Defendant has registered or under which Defendant has engaged in business during the quarter;

(b)    Every entity that advertises over the Internet (by email, on the world wide web, or by other means) in which Defendant has, during the quarter, participated in as an owner, partner, investor, officer, member, managing member, or managing partner, other than a publicly traded company;

(c)    Every entity that advertises over the Internet (by email, on the world wide

25

web, or by other means) to which Defendant has provided consulting services during the quarter, if such entity accounts for at least $10,000 in revenue for the quarter; or

(d)     Every entity that advertises over the Internet (by email, on the world wide web, or by other means) in which Defendant has (or had during the relevant quarter) an economic interest (other than a publicly traded company).  For purposes of this Judgment, "economic interest" shall mean and include any direct or indirect ownership, equity, or security interest of 5% or greater, which interest is held by Defendant or is held by any corporation, partnership or other entity in which Defendant has an ownership or managerial interest.

38.     The first quarterly report required by the previous paragraph shall be provided to the Attorney General no later than July 5, 2006 and cover the period April 1, 2006 through June 30, 2006.  Each subsequent quarterly report shall be due no later than five (5) days after the expiration of the then-current quarter (e.g. Oct. 5th, Jan. 5th, Apr 5th etc.).  The reports shall be in the form of a declaration made under penalty of perjury under the laws of the State of Texas, and shall identify the legal name, trade name(s), and address(es) of the business involved, and the Internet address of any website used or promoted by the business.

39.     The report required by the preceding paragraphs and all other written communications between the parties required under this Judgment shall be sent postage pre-paid via U.S. Postal Service First Class Certified Mail, return receipt requested, and addressed as noted below.  Any written notice or other written communications so addressed and sent shall be deemed received by the other party only if the return receipt is signed and returned by return receipt by the United States

Postal Service, or if the communication is returned by the United States Postal Service because it was refused by the recipient. Each party's mailing address may be changed by that party by mailing a notice of change of address in the manner provided herein:

To Plaintiff:

Texas Attorney General's Office
Consumer Protection and Public Health Division
c/o C. Brad Schuelke
P.O. Box 12548
Austin, Texas 78711
Ref. No. 041984261

To Defendant:
Donald E. Morris, Esq.
Dozier Internet Law P.C.
301 Concourse Blvd.
West Shore III, Suite 300
Glen Allen, VA 23059

40.    **IT IS FURTHER ORDERED** that Defendant Refaeli shall keep copies of all business records and email or electronic correspondence for a period of not less than one year from the date it is created, and shall keep paper records of business activities as such documents are kept in the ordinary course of business.

## IV.
## MONETARY RELIEF

### Monetary Judgment Against Defendants Leadplex, LLC., Leadplex, Inc., Payperaction LLC, and Eastmark

41.    **IT IS FURTHER ORDERED** that Judgment is hereby entered against Defendants Leadplex, LLC., Leadplex, Inc., Payperaction LLC, and Eastmark, jointly and severally, in the amount of $7,500,000.00 (SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS AND NO CENTS) as civil penalties.

42. The amount set forth in the preceding paragraph shall become immediately due and payable by Defendants upon entry of this Order, and interest computed at the rate prescribed under 28 U.S.C. 1961, as amended, shall immediately begin to accrue on the unpaid balance;

43. The penalties owed by Defendants Leadplex, LLC., Leadplex, Inc., Payperaction LLC, and Eastmark are payable to and for the benefit of a governmental unit and they are not compensation for actual pecuniary loss.

### Monetary Judgment Against Defendant Ryan S. Pitylak

44. **IT IS FURTHER ORDERED** that Judgment is entered against Defendant Ryan S. Pitylak in favor of Plaintiff in the amount of Two Hundred Twenty-Five Thousand and No/100 Dollars ($225,000.00) as reimbursement of Plaintiff's investigative costs and attorneys' fees, and such sum is due and payable on or before the Effective Date of this Judgment.

45. Judgment is further entered against Defendant Pitylak in favor of Plaintiff in the amount of One Million and No/100 Dollars ($1,000,000.00) as civil penalties. Plaintiff shall not abstract the Judgment, file the Judgment as a lien against Defendant Pitylak's property, or otherwise enforce the above Judgment for civil penalties unless:

    (a)    Defendant fails to pay Plaintiff's attorneys' fees in accordance with paragraph 44 above;

    (b)    Defendant engages in any of the activities prohibited by paragraphs 24(a) through 24(h) of this Judgment; or

    (c)    Defendant has failed to disclose any material asset, misrepresented the value of any material asset, or made any material misrepresentation or omission in the financial statements dated October 19, 2005, and provided

to Plaintiff by Defendant. "Material" as used in this provision means a misstatement or omission of 10% or more. For each material misstatement or omission that occurs under this provision, the Office of the Attorney General's obligation to refrain from enforcing the $1 million penalty is forever waived up to the greater of twice the amount of the misstatement or omission or $5,000 and the Office of the Attorney General may immediately seek to collect that amount.

**Monetary Judgment Against Defendant Mark Trotter**

46.     **IT IS FURTHER ORDERED** that Judgment is entered against Defendant Mark Trotter in favor of Plaintiff in the amount of Forty Thousand and No/100 Dollars ($40,000.00) as reimbursement of Plaintiff's investigative costs and attorneys' fees, and such sum is due and payable as follows:

> (a)     A payment of $25,000 is due and payable within thirty (30) days of the Effective Date of this Judgment;

> (b)     The remaining $15,000 is due and payable no later than October 1, 2006.

47.     Judgment is further entered against Defendant Trotter in favor of Plaintiff in the amount of One Million and No/100 Dollars ($1,000,000.00) as civil penalties. Plaintiff shall not abstract the Judgment, file the Judgment as a lien against Defendant Trotter's property, or otherwise enforce the above Judgment for civil penalties unless:

> (c)     Defendant fails to pay Plaintiff's attorneys' fees in accordance with paragraph 46 above;

(d)     Defendant engages in any of the activities prohibited by paragraphs 30(a) through 30(h) of this Judgment; or

(e)     Defendant has failed to disclose any material asset, misrepresented the value of any material asset, or made any material misrepresentation or omission in the financial statements dated May 15, 2006, and provided to Plaintiff by Defendant.   "Material" as used in this provision means a misstatement or omission of 10% or more.  For each material misstatement or omission that occurs under this provision, the Office of the Attorney General's obligation to refrain from enforcing the $1 million penalty is forever waived up to the greater of twice the amount of the misstatement or omission or $5,000 and the Office of the Attorney General may immediately seek to collect that amount

**Monetary Judgment Against Alan L. Refaeli**

48.     **IT IS FURTHER ORDERED** that Judgment is entered against Defendant Alan L. Refaeli in favor of Plaintiff in the amount of Forty Thousand and No/100 Dollars ($40,000.00) as reimbursement of Plaintiff's investigative costs and attorneys' fees, and such sum is due and payable on or before the Effective Date of this Judgment.

49.     Judgment is further entered against Defendant Refaeli in favor of Plaintiff in the amount of Five Hundred Thousand and No/100 Dollars ($500,000.00) as civil penalties. Plaintiff shall not abstract the Judgment, file the Judgment as a lien against Defendant Refaeli's property, or otherwise enforce the above Judgment for civil penalties unless:

(a)    Defendant fails to pay Plaintiff's attorneys' fees in accordance with

paragraph 48 above;

(b)    Defendant engages in any of the activities prohibited by paragraphs 36(a)

through 36(h) of this Judgment; or

(c)    Defendant has failed to disclose any material asset, misrepresented the

value of any material asset, or made any material misrepresentation or

omission in the financial statements dated February 16, 2006, and

provided to Plaintiff by Defendant.  "Material" as used in this provision

means a misstatement or omission of 10% or more.  For each material

misstatement or omission that occurs under this provision, the Office of

the Attorney General's obligation to refrain from enforcing the $500,000

penalty is forever waived up to the greater of twice the amount of the

misstatement or omission or $5,000 and the Office of the Attorney General

may immediately seek to collect that amount.

## V.
## DISMISSAL OF CLAIMS AGAINST DEFENDANT GARY TRAPPLER

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against Defendant Gary

Trappler are dismissed without prejudice.

## VI.
## ENTRY OF THIS JUDGMENT

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this

matter for purposes of enforcing this Judgment.

**IT IS SO ORDERED,** this __6th__ day of __June__ 2006.

_____
Honorable
United States District Judge


Respectfully Submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

PAUL D. CARMONA
Chief, Consumer Protection & Public Health Division


_____
C. BRAD SCHUELKE
Assistant Attorney General
Consumer Protection & Public Health Division
State Bar No.24008000
P. O. Box 12548
Austin, Texas 78711
(512) 463-1269
FAX (512) 473-8301
**ATTORNEYS FOR PLAINTIFF**

**AGREED AS TO FORM AND SUBSTANCE:**

TEXAS ATTORNEY GENERAL

06 MAY 31 AM 10: 27

CONSUMER DIV./AUSTIN

_____

RYAN S. PITYLAK

_____

WM. PAUL LAWRENCE II
State Bar No. 24004130
Lawrence Arenella Satija
3600 W. Bee Caves Rd., Ste 200
Austin, TX 78746
(512) 330-0073
(512) 329-0986 (FAX)

_____

MARK TROTTER

_____

ALAN L. REFAELI

**AGREED AS TO FORM AND SUBSTANCE:**

---

RYAN S. PITYLAK

---

WM. PAUL LAWRENCE II
State Bar No.  24004130
Lawrence Arenella Satija
3600 W. Bee Caves Rd., Ste 200
Austin, TX 78746
(512) 330-0073
(512) 329-0986 (FAX)

---

MARK TROTTER

---

ALAN L. REFAELI

**AGREED AS TO FORM AND SUBSTANCE:**

---
RYAN S. PITYLAK

---
WM. PAUL LAWRENCE II
State Bar No. 24004130
Lawrence Arenella Satija
3600 W. Bee Caves Rd., Ste 200
Austin, TX 78746
(512) 330-0073
(512) 329-0986 (FAX)

---
MARK TROTTER

---
ALAN L. REFAELI